**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-2273**

———————

CLIFTON G. VALENTINE,

　　　　　Plaintiff – Appellant,

　　v.

SUGAR ROCK, INC.; GERALD D. HALL; TERESA D. HALL,

　　　　　Defendants – Appellees.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:10-cv-00193-IMK)

———————

Argued: December 10, 2013　　　　Decided: April 2, 2015

———————

Before KING, GREGORY, and FLOYD, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by published opinion.  Judge King wrote the opinion, in which Judge Gregory and Judge Floyd joined.

———————

**ARGUED:** James Scott Huggins, THEISEN BROCK, LPA, Marietta, Ohio, for Appellant.  W. Henry Lawrence, IV, STEPTOE & JOHNSON PLLC, Bridgeport, West Virginia, for Appellees.  **ON BRIEF:** Daniel Patrick Corcoran, THEISEN BROCK, LPA, Marietta, Ohio, for Appellant.  Amy Marie Smith, William J. O'Brien, STEPTOE & JOHNSON PLLC, Bridgeport, West Virginia, for Appellees.

———————

KING, Circuit Judge:

Clifton G. Valentine filed this diversity action on November 8, 2010, in the Northern District of West Virginia, alleging that he owns fractional working interests in four mining partnerships, which in turn own six oil and gas wells on four separate leaseholds located in Ritchie County. Named as defendants in Valentine's lawsuit are Sugar Rock, Inc., and two of its officers, Gerald D. Hall and Teresa D. Hall (collectively, "Sugar Rock"). Valentine demands an accounting of the four partnerships and seeks compensatory and punitive damages, together with reimbursement of his attorney fees and litigation costs. On January 13, 2011, Sugar Rock answered the complaint and filed a counterclaim for the cumulative operating expenses attributable to Valentine's asserted working interests in the partnerships.

By its Memorandum Opinion and Order of September 18, 2012, the district court awarded summary judgment to Sugar Rock and dismissed Valentine's case with prejudice. See Valentine v. Sugar Rock, Inc., No. 1:10-cv-00193 (N.D. W. Va. Sept. 18, 2012), ECF No. 79. The court determined that, under West Virginia law, a mining partnership requires each partner to be a co-owner of the property that is the subject of the partnership. Consequently, the court concluded that Valentine's assertion of interests in the four mining partnerships failed because he

2

could not produce a writing that evidenced, in conformance with the Statute of Frauds, his co-ownership of the subject leases or wells.

In tandem with its award of summary judgment to Sugar Rock, the court denied Valentine's motion to voluntarily dismiss his complaint without prejudice so that he could join a putative class action, styled Washburn v. Sugar Rock, Inc., brought and pursued in the Circuit Court of Ritchie County by nine other purported owners of working interests in the four mining partnerships. Thereafter, during the pendency of this appeal, by Order of July 19, 2013, the state circuit court granted the Washburn plaintiffs' motion for partial summary judgment. See Washburn v. Sugar Rock, Inc., No. 11-C-61 (W. Va. Cir. Ct. Ritchie Cnty. July 19, 2013). In so ruling, the court declared that the plaintiffs were partners in the mining partnerships and owned the claimed working interests, notwithstanding that such assertions could not be corroborated with a deed, will, or other written instrument.

By our Order of Certification to the Supreme Court of Appeals of West Virginia, we authorized Valentine to supplement the record with the Washburn Order and related materials. See Valentine v. Sugar Rock, Inc., 745 F.3d 729, 733 (4th Cir. 2014). We also recognized, inter alia, that the summary judgment decisions of the federal district court in this case

3

and the state circuit court in <u>Washburn</u> "manifest irreconcilable outcomes though both courts have sought to apply the same precepts of West Virginia law to the identical Ritchie County properties." <u>Id.</u> at 735 n.3. Availing ourselves of the privilege afforded by the State of West Virginia through the Uniform Certification of Questions of Law Act, <u>see</u> W. Va. Code §§ 51-1A-1 to -13, we requested that the Supreme Court of Appeals of West Virginia exercise its discretion to decide the following question of state law:

> Whether the proponent of his own working interest in a mineral lease may prove his entitlement thereto and enforce his rights thereunder by demonstrating his inclusion within a mining partnership or partnership in mining, without resort to proof that the lease interest has been conveyed to him by deed or will or otherwise in strict conformance with the Statute of Frauds.

<u>Valentine</u>, 745 F.3d at 730. Additionally, we acknowledged that the state supreme court "may reformulate the question," <u>id.</u> at 735, and we affirmed the federal district court's denial of Valentine's motion to voluntarily dismiss his complaint to ensure that we did not ask the state supreme court for an advisory opinion, <u>id.</u> at 733 n.2.

In a November 14, 2014 Opinion delivered by Justice M.E. Ketchum, the Supreme Court of Appeals of West Virginia exercised its discretion to accept and rephrase our certified question of

4

law.  See Valentine v. Sugar Rock, Inc., 766 S.E.2d 785 (W. Va. 2014).  Justice Ketchum explained:

> The certified question from the federal court essentially has two parts.  First, if a person contends he/she owns an interest in a common-law "mining partnership," then does the Statute of Frauds require the person to prove he/she is a partner of the mining partnership through a deed, will, or other written conveyance?  We answer this part of the question "yes."  A person can only be a partner in a mining partnership if he/she is a co-owner of the mineral interest with the other partners.  Hence, proving a partnership interest in the mining partnership requires first proving the person has a deed, will, or other written instrument showing partial ownership of the mineral interest in the land.
>
> The second part of the question is this:  if a partnership is a general partnership (as defined in and governed by the West Virginia Revised Uniform Partnership Act), and the partnership owns leases to extract oil and gas from real property, then does the Statute of Frauds require a person to produce a written instrument to prove he/she is a partner in the general partnership?  We answer this part of the question "no."  Under the Revised Uniform Partnership Act, W. Va. Code § 47B-2-3 (1995), general partnership property belongs solely to the partnership and not to the partners.  A person does not need a deed, will or other written instrument to establish a partnership stake in the general partnership, even if the general partnership owns an interest in real property.

Id. at 787-88.  Significantly, the Opinion contains a series of original syllabus points concerning, on the one hand, common law mining partnerships and, on the other hand, general partnerships as defined in and governed by the West Virginia Revised Uniform Partnership Act.  See id. at 787; see also Syl. Pt. 1, State v. McKinley, 764 S.E.2d 303, 306 (W. Va. 2014) ("Signed opinions

5

containing original syllabus points have the highest precedential value because the Court uses original syllabus points to announce new points of law or to change established patterns of practice by the Court.").

In view of, and having hereby adopted, the November 14, 2014 Opinion of the Supreme Court of Appeals of West Virginia reformulating and answering our certified question of law, we vacate the judgment of the district court and remand for such other and further proceedings as may be appropriate. Although we concomitantly affirm the district court's denial of Valentine's motion to voluntarily dismiss his complaint without prejudice, we express no view as to how the court should rule on remand if Valentine renews his effort to join the Washburn action in the Circuit Court of Ritchie County.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
